# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**GENE HIRT, ET AL.,**

    **Plaintiffs,**

    v.

**UNIFIED SCHOOL DISTRICT NO. 287, ET AL.,**

    **Defendants.**

Case No. 17-CV-02279-JAR-GLR

## MEMORANDUM & ORDER

*Pro se* Plaintiffs Gene Hirt and Eric Clark bring this action seeking injunctive, declaratory, and monetary relief (1) pursuant to 42 U.S.C. § 1983 for Defendants' alleged violation of their constitutional rights under the First, Fifth, and Fourteenth Amendments, and (2) for Defendants' alleged violation of the Kansas Open Meetings Act[1] and the Kansas Open Records Act[2]. Before the Court is Plaintiffs' Motion for Preliminary Injunction (Doc. 3), seeking to enjoin Defendants—Unified School District No. 287, Superintendent Jerry Turner, and individual school board members Curt Altic, Rusty Ecord, Blaine Flory, Matt Frogate, and Ryan Sink—from taking "adverse action" against Plaintiffs based on a July 13, 2015 letter notifying Hirt that he was no longer allowed on school district property and from enforcing an "ad hoc" policy that requires individuals to express themselves in a "socially acceptable manner" at school board meetings.[3] Defendants contend that Plaintiffs' motion for a preliminary injunction is moot because as of June 2017, Hirt is no longer barred from U.S.D. 287 meetings and events to which the public is invited. Having considered the parties' briefing, the Court is

---

[1] K.S.A. § 75-4317, *et seq.*

[2] K.S.A. § 45-215, *et seq.*

[3] Doc. 4 at 11.

prepared to rule. For the reasons set forth below, Plaintiffs' motion for a preliminary injunction is denied as moot.

## I. Factual Background

The parties characterize the events leading up to this lawsuit differently. Plaintiff Gene Hirt is a resident of Pomona, Kansas, and Plaintiff Eric Clark is a resident of Williamsburg, Kansas. Both cities are within the area served by Unified School District No. 287. Plaintiffs contend that during 2015, "Hirt and Clark actively attended Board of Education meetings and other school functions, advocated for changes, and expressed concerns including opposition to District decisions and have also been critical of the Superintendent."[4] Plaintiffs claim that following the official business portion of one such meeting on June 8, 2015, Defendant Jerry Turner interrupted Hirt's discussion with another attendee, and that Hirt responded by calling Turner a "dork."[5] Plaintiffs contend that this interaction resulted in Turner sending Hirt a letter on July 13, 2015 banning him from school property.[6] This letter, which is attached as an exhibit to Plaintiffs' initial Complaint, reads:

> This letter is to inform you that after your rude and uncivil behavior following the June 13th [sic], 2015 USD 287 Board meeting, you will no longer be allowed on USD 287 property for any reason or under any circumstances. Your inability to express yourself in a civil and socially acceptable manner has brought about this action by the Board of Education of USD 287. Should you be found on USD 287 property at any time hereafter the Franklin County Sheriff's Office will be notified and asked to remove you from school property.[7]

---

[4] Doc. 6 ¶ 10.

[5] *Id.* ¶ 12.

[6] *Id.* ¶¶ 13–14.

[7] Doc. 1-1. Plaintiffs filed an Amended Complaint (Doc. 6) on May 23, 2017.

Plaintiffs allege that Hirt was afforded no opportunity to be heard before or after this "enforcement action" against him in retaliation for protected free speech, in violation of the First, Fifth, and Fourteenth Amendments.[8] Plaintiffs also allege that Hirt's expulsion from school board meetings violates the Kansas Open Meetings Act, and that Defendants have violated the Kansas Open Records Act by refusing to respond to Plaintiffs' requests for a copy of the policy under which Hirt is being sanctioned or penalized.[9] Since receiving the July 13, 2015 letter from Turner, Hirt has not attended any school board meetings, but was escorted off school property by the county sheriff when he and Clark attended the Williamsburg Elementary School "Open House" on August 19, 2015.[10]

As to Clark, Plaintiffs contend that he "holds a sincere belief that there is no substantial difference between his manner of expression and the manner used by Hirt,"[11] and that he has become "fearful that he [will] also be subjected to being banned from all school property if he expresse[s] himself without reservation in subsequent school board meetings" due to the school board's "ad hoc socially acceptable manner" policy.[12] Following the August 19, 2015 contact between Hirt and law enforcement, Clark has not attended any further school board meetings "solely because of fearing consequences that may arise from attending or speaking at those meetings."[13]

Defendants portray the course of events differently. According to Turner's Declaration, submitted in support of Defendants' opposition to Plaintiffs' motion for a preliminary injunction,

---

[8] Doc. 6 ¶ 15.
[9] *Id*. ¶¶ 16, 26, 31, 33, 36.
[10] *Id*. ¶¶ 27, 29.
[11] *Id*. ¶ 23.
[12] *Id*. ¶ 28.
[13] *Id*. ¶ 29.

3

Hirt has made numerous unauthorized visits to school property during school hours, despite having no children, grandchildren, or other family members enrolled in U.S.D. 287 schools.[14] Defendants contend that in early 2015, Hirt entered an elementary classroom during school hours, brought a photographer with him to the school to take photos during school hours, and tried and failed a third time to access the elementary school during school hours.[15] Defendants claim that Hirt has caused school staff to fear for their safety.[16] Defendants further contend that during school board meetings on April 13 and May 11, 2015, Hirt could be heard using foul language toward board members.[17] Defendants state that during the June 8, 2015 meeting, Hirt addressed the board in a hostile manner, and that after the meeting, he threatened Turner that he would "get [him]" if school names were changed.[18] Defendants further state that the school board president had to stop the July 13, 2015 meeting to reprimand Hirt for cursing at board members while seated in the audience.[19] All of these disturbances, according to Defendants, occurred outside the three-minute "patron forum" allowed for public comment at school board meetings.[20] Turner also states that on July 16, 2015, Hirt came to the school district office and frightened office staff by being "loud and demanding" when complaining about the response he received to his open-records request.[21] Turner claims that Hirt "raised his voice at me and used a threatening tone. . . . I was concerned for my safety."[22]

---

[14] Doc. 20-2 ¶¶ 4–8.

[15] *Id*. ¶¶ 6–8.

[16] *Id*. ¶ 8.

[17] *Id*. ¶¶ 12–13.

[18] *Id*. ¶¶ 14–15.

[19] *Id*. ¶ 16.

[20] *Id*. ¶¶ 18–19.

[21] *Id*. ¶ 20.

[22] *Id*.

4

Defendants have record of Clark's attendance at three school board meetings in 2015, where he spoke during the designated patron forum on the topics of the common core, out-of-district students, district policies on speaking during the patron forum, and disciplinary measures for meetings attendees.[23] There is no evidence that Clark has been disruptive at school board meetings, and both parties agree that Clark has never been barred from such meetings.

Defendants argue that Plaintiffs' motion for a preliminary injunction is moot because on June 14, 2017, Turner mailed a letter to Hirt permitting him to attend any meeting or event on school district property to which the public is invited, including school district board meetings.[24] Although Hirt acknowledges receiving a letter from Turner, he claims that he cannot remember its precise content and may have mistakenly discarded it.[25] The letter, which is attached as an exhibit to Defendants' Amended Response in Opposition to Plaintiffs' Motion for Preliminary Injunction, states:

> This letter will inform you that you are no longer excluded from being on USD 287 property to attend any meetings or events to which the public is invited, including USD 287 Board meetings. We ask that you refrain from any disruptive behavior and limit your participation in the meetings to the allotted three minutes for public comments. You should refrain from coming on USD 287 property which is not generally open to the public, including schools, except for public events.[26]

On June 21, 2017, the Court ordered Plaintiffs to show good cause in writing why their motion for a preliminary injunction should not be found moot.[27]

---

[23] *Id.* ¶¶ 22–26.

[24] Doc. 16 at 1, 4–5; Doc. 20 at 1, 4–5.

[25] Doc. 23 at 2–3.

[26] Doc. 20-3.

[27] Doc. 19.

5

Plaintiffs responded to the Court's show cause order on June 26, 2017,[28] and filed a reply in support of their motion for a preliminary injunction three days later.[29] In both briefs, Plaintiffs contend that the June 14, 2017 letter permitting Hirt to attend any meeting or event on school district property to which the public is invited does not moot Plaintiffs' motion for a preliminary injunction for two reasons. First, Plaintiffs contend that they are still subject to the school board's "ad hoc socially acceptable policy" at such meetings and events, and that adverse action may be taken against them if they fail to comply with that policy.[30] Second, Plaintiffs argue that the letter fails to remove restrictions on their right to assemble on (or otherwise visit) school district property.[31]

## II.  Legal Standard

A court's mootness analysis typically begins with Article III of the Constitution, which confines the jurisdiction of federal courts to actual cases and controversies, meaning that "a plaintiff must possess a personal interest in the outcome of a case at all stages of the proceeding."[32] "In deciding whether a case is moot, '[t]he crucial question is whether granting a

---

[28] Doc. 23.

[29] Doc. 24. Plaintiffs contend in their Reply to Defendants' Response in Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. 24) that the Court should disregard Defendants' Amended Response in Opposition Plaintiff's Motion for Preliminary Injunction (Doc. 20), which Defendants filed on June 26, 2017—a week after submitting their original opposition (Doc. 16) and the same day that Plaintiff responded to the Court's show cause order. Defendants' two briefs make the same arguments concerning mootness. The primary difference is the addition of Turner's Declaration (Doc. 20-2) and the attachment of Turner's June 14, 2017 letter to Hirt (Doc. 20-3). Plaintiffs responded to Turner's declaration in their reply, filed June 29, 2017, and have had the opportunity to fully brief the mootness issue. Further, the Court had already ordered Plaintiff to show cause on the mootness issue (Doc. 19) prior to receiving Defendants' amended opposition. Thus, the Court finds no prejudice to Plaintiff in considering Defendants' amended opposition and the attachments thereto.

[30] Doc. 23 at 3–4, 7–8.

[31] *Id*. at 4.

[32] *Kan. Judicial Review v. Stout*, 562 F.3d 1240, 1245 (10th Cir. 2009) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)).

present determination of the issues offered . . . will have some effect in the real world."[33] In other words, "a case becomes moot 'when a plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision.'"[34] However, because the question the Court now considers is not whether this entire case is constitutionally moot, but whether Plaintiffs' motion for a preliminary injunction is moot, the Court proceeds according to the doctrine of prudential mootness rather than constitutional mootness.

The doctrine of prudential mootness "is concerned with the court's discretion to exercise its power to provide relief"[35] and usually arises "in the context of a request for preliminary injunction, where it seems that the defendant (usually the government) is in the process of changing its policies such that any repeat of the actions in question is unlikely."[36] In other words, the question of prudential mootness may arise where the defendant has voluntarily ceased the allegedly unlawful conduct, but a controversy remains to be settled in the case regarding the legality of the challenged practice.[37] "[P]romises of reform or remedy aren't often sufficient to render a case moot as a constitutional matter. That's because the risk always exists that, as soon as the court turns its back, the defendant might renounce its promise and 'return to his old ways.'"[38] But even when the risk of the defendant reinitiating his or her allegedly unlawful

---

[33] *Id.* at 1246 (citing *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000)).

[34] *Ghailani v. Sessions*, 859 F.3d 1295, 1301 (10th Cir. 2017) (quoting *Indiana v. Colo. Dept. of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015)).

[35] *Fletcher v. United States*, 116 F.3d 1315, 1321 (10th Cir. 1997) (citing *Penthouse Int'l Ltd. v. Meese*, 939 F.2d 1011, 1019–20 (D.C. Cir. 1991)).

[36] *Amer. Constitutional Law Found., Inc. v. Davidson*, No. 99-1142, 2000 WL 488460, at *2 (10th Cir. Apr. 26, 2000) (unpublished).

[37] *See United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953) (noting that the "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case.")

[38] *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1210 (10th Cir. 2012) (quoting *W.T. Grant Co.*, 345 U.S. 629, 632)).

conduct keeps the case alive as a constitutional matter, the doctrine of prudential mootness may apply.[39] As the Tenth Circuit has explained:

> Under the doctrine of prudential mootness, there are circumstances under which a controversy, not constitutionally moot, is so "attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant." Generally, this doctrine has been applied in cases involving requests for prospective equitable relief by declaratory judgment or injunction. A court may refuse to grant relief where it appears that a change in circumstances renders it highly unlikely that the actions in question will be repeated.[40]

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects. Thus, if the movant is no longer in harm's way, his motion for injunctive relief becomes moot."[41] However, the party claiming that there is no longer a live controversy bears the burden of demonstrating mootness,[42] and that burden "is a heavy one."[43]

### III. Analysis

Plaintiffs ask that the Court issue a preliminary injunction ordering that: "1) the Defendants shall not enforce the *ad hoc* 'socially acceptable manner' policy and; 2) the Defendants shall not take any adverse action against Plaintiff Hirt based on the July 13, 2015 letter provided to Hirt."[44] To the extent that Hirt merely seeks readmission to school board

---

[39] *Id.* at 1212–11.

[40] *Fletcher*, 116 F.3d at 1321 (quoting *Bldg. and Constr. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1491-92 (10th Cir. 1993) (internal citations omitted)).

[41] *Pharmanex, Inc. v. HPF*, No. 99-4116, 2000 WL 703164, at *2 (10th Cir. Apr. 20, 2000) (unpublished) (citing *F.E.R. v. Valdez*, 58 F.3d 1530, 1534 (10th Cir. 2000)).

[42] *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1115 (10th Cir. 2010) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).

[43] *W.T. Grant Co.*, 345 U.S. at 633.

[44] Doc. 4 at 11.

meetings, that portion of Plaintiffs' motion is plainly moot because Defendants have expressly stated that Hirt is once again permitted to attend any U.S.D. 287 event to which the public is invited. To the extent that Plaintiffs' request for preliminary injunctive relief also asks the Court to forbid Defendants from expelling him from future meetings or taking other adverse actions against him due to his failure to comply with Defendants' "socially acceptable manner" policy, the mootness question is more complex.

In his June 14, 2017 letter permitting Hirt to attend school district meetings and events open to the public, Turner does not require that Hirt express himself in a "socially acceptable manner," but instead asks that Hirt "refrain from any disruptive behavior and limit [his] participation in the meetings to the allotted three minutes for public comments."[45] Plaintiffs contend that despite this most recent letter, they are still subject to Defendants' "socially acceptable manner" standard, which they argue is unconstitutionally vague, overbroad, and arbitrary.[46] Although Defendants have not pointed the Court to any formal, written policy on the type and manner of discourse permitted at school board meetings, the Court finds that Defendants' most recent statement concerning their requirements for patron behavior to be of a different character than their earlier statement barring Hirt due to his failure to express himself in a "socially acceptable manner." Defendants are no longer asking Hirt to conform to a standard of socially acceptable expression, but merely to confine his verbal participation in meetings to the three-minute window for patron comments that applies to all members of the public.[47] According to Plaintiffs' motion for a preliminary injunction, this is precisely the type of conduct

---

[45] Doc. 20-3.

[46] Doc. 4 at 2; Doc. 23 at 3–4, 7–8.

[47] In this Order, the Court is not passing judgment on the constitutionality of any school board policy, past or present, on speech permitted at U.S.D. 287 meetings. Rather, the Court finds that the "socially acceptable manner" restrictions from which Plaintiffs sought injunctive relief are no longer in effect.

9

in which they wish to engage. Plaintiffs state that but for the lack of an injunction, they would attend "school board meetings to speak during the public forum section of the meetings."[48] Thus, Plaintiffs are suffering no continuing adverse effects that would warrant the Court exercising its discretion to provide injunctive relief.

Plaintiffs argue that the "voluntary cessation" and "capable of repetition but evading review" exceptions to the mootness doctrine apply here. The Court disagrees. Under the former exception, "voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed."[49] However, Defendants here have not moved to dismiss this case on the basis of mootness; rather, Defendants oppose Plaintiffs' motion for a preliminary injunction and the parties' underlying dispute remains subject to this Court's review. Further, the voluntary cessation exception to mootness will not apply where: 1) there is no reasonable expectation that the allegedly wrongful conduct will recur; and 2) interim events have completely eradicated the effects of the challenged conduct.[50] In this case, there is no evidence in the record indicating that Defendants intend to subject Plaintiffs to the "socially acceptable manner" of expression policy that is at the heart of Plaintiffs' request for injunctive relief, and "[a] case 'cease[s] to be a live controversy if the possibility of recurrence of the challenged conduct is only a speculative contingency."[51] The Court acknowledges that there is some ambiguity about whether Plaintiffs are contending that the purported "socially acceptable manner" policy and Defendants' newly

---

[48] Doc. 4 at 4.

[49] *Brown v. Buhman*, 822 F.3d 1151, 1166 (10th Cir. 2016) (citing *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)).

[50] *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1117 (10th Cir. 2010) (citing *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

[51] *Rio Grande Silvery Minnow*, 601 F.3d at 1117 (quoting *Burbank v. Twomey*, 520 F.2d 744, 748 (7th Cir. 1975)).

articulated expectations for Hirt's behavior are one and the same, but declines to rule on Plaintiffs' motion for a preliminary injunction where the harm Plaintiffs would suffer in the absence of an injunction is speculative in nature. Plaintiffs claim that they wish to attend school board meetings to speak during the public forum portion of those meetings, which is precisely what the June 2017 letter permits.

The capable of repetition exception to mootness applies where "(1) the challenged conduct is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."[52] This exception, which applies only in "exceptional situations,"[53] does not apply here because Defendants' challenged conduct, even if it were to recur, does not evade review. On the contrary, Plaintiffs' Amended Complaint seeks the same type of permanent injunctive relief that they seek in their motion for a preliminary injunction, which means that the same underlying legal questions remain pending before this Court.[54]

Finally, the Court disagrees with Plaintiffs' contention that their motion for a preliminary injunction is not moot because Plaintiff Hirt is still forbidden from being on school district property except during public meetings and events. Plaintiffs' motion does not expressly seek

---

[52] *Brown*, 822 F.3d at 1166 (citing *Fed. Elec. Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007)).

[53] *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 892 (10th Cir. 2008) (quoting *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996)).

[54] *See Fleming v. Gutierrez*, 785 F.3d 442, 445–45 (10th Cir. 2015) (finding no exception to mootness for interlocutory appeal of district court order granting preliminary injunction where underlying issues did not evade review because case seeking permanent injunctive relief remained pending in the district court); *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 997 (10th Cir. 2005) (explaining that "when an issue 'does not have an inherent problem of limited duration,' the case will not necessarily evade review in future litigation, and the exception to mootness does not apply.") (quoting *Affiliated Ute Citizens of Utah v. Ute Indian Tribe of Uintah & Ouray Reservation*, 22 F.3d 254, 256 n.1 (10th Cir. 1994)); *Stevenson v. Blytheville Sch. Dist.*, 762 F.3d 765, 770 (8th Cir. 2014) (finding no exception to mootness for interlocutory appeal of district court's denial of preliminary injunction where issues raised by motion remained to be fully litigated before the district court); *Akina v. Hawaii*, 835 F.3d 1003, 1011 (9th Cir. 2016) (dismissing as moot plaintiffs' appeal of order denying preliminary injunction where "the district court retains jurisdiction over the underlying lawsuit, and dismissing the preliminary injunction appeal will not, by itself, insulate the defendants' practices from judicial scrutiny.").

relief concerning their right to assemble on school property, other than asking that the Court order Defendants not to take "adverse action" against them based on the July 13, 2015 letter to Plaintiff Hirt.  Defendant Turner's June 2017 letter to Plaintiff Hirt permits precisely the behavior in which Plaintiffs wish to engage according to their motion for a preliminary injunction, *i.e.*, participation in the patron forum portion of school board meetings.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Preliminary Injunction (Doc. 3) is **denied** as moot.

**IT IS SO ORDERED.**

Dated: October 23, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
