## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GENE HIRT, ET AL.,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**UNIFIED SCHOOL DISTRICT NO. 287, ET AL.,**<br><br>    **Defendants.** | Case No. 17-CV-02279-JAR-GLR |

### MEMORANDUM AND ORDER

Plaintiffs Gene Hirt and Eric Clark, proceeding *pro se*, bring this action against Defendants Unified School District No. 287 and Superintendent Jerry Turner, in his individual capacity,[1] seeking injunctive, declaratory, and monetary relief (1) pursuant to 42 U.S.C. § 1983 for Defendants' alleged violation of their rights under the First, Fifth, and Fourteenth Amendments, and (2) for Defendants' alleged violation of the Kansas Open Meetings Act and the Kansas Open Records Act. On October 23, 2017, the Court issued a Memorandum and Order denying as moot Plaintiffs' Motion for a Preliminary Injunction.[2] This matter now comes before the Court on Plaintiffs' Motion for Reconsideration of that order (Doc. 43). The motion is fully briefed and the Court is prepared to rule. For the reasons set forth below, the Court denies Plaintiffs' motion.

---

[1] On November 9, 2017, Plaintiffs stipulated to the dismissal without prejudice of their claims against individual U.S.D. No. 287 school board members in their official capacities. Thus, Defendants Curt Altic, Rusty Ecord, Blaine Flory, Matt Frogate, and Ryan Sink, who were sued only in their official capacities, were completely dismissed from this case. While Plaintiffs' claims against Superintendent Jerry Turner in his official capacity were also dismissed, Plaintiffs' claims against Turner in his individual capacity remain pending.

[2] Doc. 41.

**I.     Procedural and Factual Background**

The factual background underlying the parties' dispute and Plaintiffs' motion for a preliminary injunction is set forth in detail in the Court's prior order and will not be repeated at length here.  In short, Plaintiffs Hirt and Clark are residents of Pomona and Williamsburg, Kansas, respectively, and both cities are within the area served by Unified School District No. 287.  Plaintiffs contend that Defendant Jerry Turner, the Superintendent of Schools for U.S.D. No. 287, banned Hirt from school property by letter dated July 13, 2015, following a name-calling incident after a school board meeting.  Turner's letter stated that Hirt was no longer allowed on school property due to his "inability to express [himself] in a civil and socially acceptable manner."[3]  Since Hirt's receipt of that letter, neither Hirt nor Clark has attended any school board meetings.  Clark claims that he has become fearful that he, like Hirt, will be banned from school property if he expresses himself without reservation at school board meetings.  In August 2015, Hirt was escorted off school property by the county sheriff when he and Clark attended an open house at the Williamsburg Elementary School.  Plaintiffs filed this case approaching two years later on May 16, 2017, and sought a preliminary injunction ordering that: (1) "the Defendants shall not enforce the ad hoc 'socially acceptable manner' policy," and (2) "the Defendants shall not take adverse action against Plaintiff Hirt based on the July 13, 2015 letter provided to Hirt."[4]

Defendants contend that Hirt has a significant history of disrupting school board meetings by uttering obscenities outside the time allotted for public comment, and that he has made numerous unauthorized visits to school property during school hours—despite having no children or other family members enrolled as students—that have caused disruptions and safety

---

[3] Doc. 1-1.

[4] Doc. 4 at 11.

2

concerns. Defendants sought several extensions of time to respond to Plaintiffs' motion for a preliminary injunction. In their second request for more time on June 14, 2017, Defendants stated:

> Defendant Turner placed a letter in the mail to Plaintiff Hirt today which permits Hirt to attend public meetings on District premises. The letter to Plaintiff Hirt moots most if not all of the motion for preliminary injunction. Defendants' counsel need additional time to evaluate the effect of this development on the motion for preliminary injunction and complete an appropriate response.[5]

Defendants then responded to Plaintiffs' motion for a preliminary injunction on June 19, 2017, arguing that the motion was moot because Defendants had "withdrawn any restriction from Hirt attending Board meetings or other District events to which the general public is invited . . . ."[6]

On June 21, 2017, the Court issued an order directing Plaintiffs to show good cause in writing, on or before July 5, 2017, why their motion for a preliminary injunction should not be found moot.[7] On June 26, 2017—nine days before Plaintiffs' response to the Court's show-cause order was due—Defendants filed an Amended Response in Opposition to Plaintiffs' Motion for Preliminary Injunction.[8] Defendants' amended opposition made the same arguments with respect to mootness as their original response, but attached a declaration by Turner and the June 14, 2017 letter from Turner to Hirt that had been omitted from their original opposition.

On the same date, Plaintiffs responded to the Court's show-cause order in an eight-page brief on the issue of mootness. While Plaintiffs acknowledged that Hirt had received a letter from Turner, they stated that Hirt had "misplaced the letter (potentially thrown away with a

---

[5] Doc. 14 at 1.

[6] Doc. 16 at 1.

[7] Doc. 19.

[8] Doc. 20.

newspaper by accident) and cannot recall verbatim what all of the text of that letter provided."[9] Despite complaining that Turner's letter to Hirt was not in the record, Plaintiffs were able to make essentially the same mootness arguments that they assert now in their motion for reconsideration, *i.e.*, that Turner's letter did not "fully remedy all ongoing infringements of fundamental" rights.[10] Plaintiffs stated that they intended to "briefly" show good cause why their motion was not moot, and asked for "the Court's patience in awaiting Plaintiffs' Reply brief to Defendants' opposition . . . brief."

Three days later, on June 29, 2017, Plaintiffs filed their Reply to Defendants' Response in Opposition to Plaintiffs' Motion for Preliminary Injunction, once again arguing that "the described alleged letter of June 14, 2017 to Hirt does not alleviate all unlawful restrictions on Plaintiffs' First Amendment rights."[11] Plaintiffs asked that if the Court decided to accept Defendants' belatedly filed amended opposition, that the Court also allow "additional briefing including affidavits concerning dispute of any of the newly asserted [sic] in the Declaration or letter."[12] The Court declined to allow additional briefing and denied Plaintiffs' motion for a preliminary injunction as moot on October 23, 2017.

## II.   Legal Standard

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders. Under that rule, a party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[13] While a motion to reconsider is available where the court has

---

[9] Doc. 23 at 3.

[10] *Id.* at 4.

[11] Doc. 24 at 8.

[12] *Id.*

[13] D. Kan. R. 7.3(b).

4

"misapprehended the facts, a party's position, or the controlling law," such a motion does not permit a party to "revisit issues already addressed or to advance arguments that could have been raised in prior briefing."[14] "The Tenth Circuit has observed that 'a motion for reconsideration is an extreme remedy to be granted in rare circumstances.'"[15] "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[16] Whether to grant a motion for reconsideration is left to the court's discretion.[17]

Because Plaintiffs proceed *pro se*, the Court must construe their filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[18] However, the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."[19] The requirement that the court must read a *pro se* plaintiff's pleadings broadly stops "at the point at which [the court] begins to serve as [the plaintiff's] advocate,"[20] and a plaintiff's *pro se* status does not excuse him from complying with federal and local rules.[21]

---

[14] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Fed. R. Civ. P. 59(b)).

[15] *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, Civil Action No. 09-2517-DJW, 2011 WL 1466490, at *4 (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)).

[16] *Id.* (citing *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998); *see also Turner v. Nat'l Council of State Bds. of Nursing*, Civil Action No. 11-2059-KHV, 2013 WL 139750, at *2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[17] *Coffeyville*, 748 F. Supp. 2d at 1264 (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[19] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall*, 935 F.2d at 1110).

[20] *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (citing *Hall*, 935 F.2d at 1110); *see also Olson v. Carmack*, 641 F. App'x 822, 826 (10th Cir. 2016) (unpublished).

[21] *Barnes v. United States*, 173 F. App'x 695, 697–98 (10th Cir. 2006) (citing *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

**III.  Analysis**

In more than 30 pages of briefing on their motion for reconsideration, Plaintiffs contend that a variety of errors and deficiencies in the Court's October 23, 2017 Order warrant a different outcome on the issue of mootness.  In their reply in support of their motion for reconsideration, Plaintiffs clarify that they have five essential arguments, though it appears to the Court that several of these arguments are restatements or variations of the same issue.  The Court will address each argument in turn.

First, Plaintiffs contend that the Court's failure to allow them more time and more briefing to address the mootness issue following the filing of Defendants' amended opposition amounts to plain error and a violation of due process.  The Court has already considered and rejected Plaintiffs' argument that Defendants' amended opposition should be disregarded, or that Plaintiffs should be permitted another opportunity to respond.  In its October 23, 2017 Order, the Court expressly addressed Plaintiffs' complaint about Defendants' amended opposition, stating in a footnote:

> Plaintiffs contend in their Reply to Defendants' Response in Opposition to Plaintiffs' Motion for Preliminary Injunction that the Court should disregard Defendants' Amended Response in Opposition to Plaintiffs' Motion for Preliminary Injunction, which Defendants filed on June 26, 2017—a week after submitting their original opposition and the same day that Plaintiffs responded to the Court's show cause order.  Defendants' two briefs make the same arguments concerning mootness.  The primary difference is the addition of Turner's Declaration and the attachment of Turner's June 14, 2017 letter to Hirt.  Plaintiffs responded to Turner's declaration in their reply, filed June 29, 2017, and have had the opportunity to fully brief the mootness issue.  Further, the Court had already ordered Plaintiffs to show cause on the mootness issue prior to receiving Defendants' amended opposition.  Thus, the Court finds no

6

> prejudice to Plaintiffs in considering Defendants' amended opposition and the attachments thereto.[22]

The Court declines to reconsider this finding. Plaintiffs do not dispute that Hirt received the July 14, 2017 letter upon which the Court's mootness ruling is based, and Plaintiffs had an opportunity to fully brief the mootness issue prior to the Court's ruling—as evidenced by the fact that the mootness arguments they make in their motion for reconsideration are not meaningfully different from those they set forth in their response to the Court's show cause order almost six months ago. The Court therefore finds that it did not commit clear error in finding Plaintiffs' motion for a preliminary injunction moot without permitting Plaintiffs the opportunity for further argument.

Second, Plaintiffs argue that the Court's mootness finding was based on "an errant inference (insufficient evidence) which lead to an errant, necessarily implied, finding of fact."[23] Plaintiffs complain that the Court must have impermissibly inferred that following Turner's letter: (1) Plaintiffs are no longer subject to any restrictions; (2) Plaintiffs are no longer subject to any restrictions from which they sought relief; or (3) if any restrictions remain in place, they are not based on Defendants' "socially acceptable manner" policy. Plaintiffs argue at length about due process and the lack of evidence to support "various factual conclusions necessary for the court to make the conclusion of law that the motion was moot."[24] The Court has not misperceived the facts at issue here. Mr. Hirt was completely forbidden to be on U.S.D. No. 287 property, and now he is not. Mr. Hirt is once again permitted to attend any meetings or events to which the public is invited. In its order, the Court stated that:

---

[22] Doc. 41 at 6 n.29 (docket citations omitted).

[23] Doc. 44 at 8.

[24] *Id*. at 10–11.

7

> Defendants are no longer asking Hirt to conform to a standard of socially acceptable expression, but merely to confine his verbal participation in meetings to the three-minute window for patron comments that applies to all members of the public. According to Plaintiffs' motion for a preliminary injunction, this is precisely the type of conduct in which they wish to engage. Plaintiffs state that but for the lack of an injunction, they would attend "school board meetings to speak during the public forum section of the meetings." Thus, Plaintiffs are suffering no continuing adverse effects that would warrant the Court exercising its discretion to provide injunctive relief.[25]

Plaintiffs emphasize in their motion for reconsideration—as they did in their prior briefing—that Hirt remains restricted from being on school property during school hours unless attending an event to which the public is invited. However, Plaintiff's motion for a preliminary injunction did not expressly seek the right to assemble on school grounds. Rather, Plaintiffs sought an order forbidding Defendants' enforcement of their purported policy requiring "socially acceptable" behavior,[26] and Defendants' latest communication to Hirt does not include that restriction. Again, in their motion for a preliminary injunction, Plaintiffs stated that "[b]ut for lack of an injunction against Defendants from taking adverse action against Plaintiff Hirt based on the July 13, 2015 letter provided to Hirt . . . in violation of his First Amendment rights, Plaintiff Hirt would enter onto U.S.D. 287 District property **for the purpose of attending school board meetings**," and "[b]ut for lack of an injunction against Defendants enforcing its [sic] *ad hoc* 'socially acceptable manner' policy, Plaintiff Clark would exercise his First Amendment rights **by attending school board meetings** to speak during the public forum section of the

---

[25] Doc. 41 at 9–10. The Court stated in its order that it was "not passing judgment on the constitutionality of any school board policy, past or present, on speech permitted at U.S.D. No. 287 meetings. Rather, the Court finds that the 'socially acceptable manner' restrictions from which Plaintiffs sought injunctive relief are no longer in effect." *Id.* at 9 n.47.

[26] Doc. 4 at 11.

meetings."[27] Following Turner's July 14, 2017 letter, Hirt is once again permitted to attend school board meetings, and Clark has never been forbidden from doing so. The Court finds that it did not commit clear error in analyzing the facts underlying its finding of mootness.

Third, Plaintiffs argue that the Court's "finding of mootness was based, in part, on an errant finding that the injury was speculative rather than actual injury-in-fact."[28] Plaintiffs contend that contrary to this Court's finding that any harm they might suffer in the absence of an injunction is speculative, they are suffering actual, ongoing injury because Hirt wishes to visit school buildings during the school day, but cannot do so under the terms of Turner's letter which permits Hirt to attend only U.S.D. No. 287 events to which the general public is invited. This argument is repetitive of Plaintiffs' arguments discussed above and, further, Plaintiffs offer no support for their contention that Hirt is prohibited from being on school grounds outside of public events due to the continuation of the Defendants' policy requiring "socially acceptable" behavior. As noted, Plaintiffs sought relief from Defendants' "socially acceptable manner" policy, and have not shown the Court that they are suffering any actual injury due to the continuation of that policy. Again, the Court finds that it did not err in finding Plaintiff's motion for a preliminary injunction moot based, in part, on a finding that any injury Plaintiffs might suffer in the absence of an injunction is merely speculative.

Fourth, Plaintiffs contend that "the finding of mootness was based, in part, on an improper construction of what relief was being sought by the *pro se* plaintiffs."[29] Plaintiffs contend that because they are *pro se* litigants, it was clear error for the Court to "construe a

---

[27] *Id*. at 4 (emphasis added).

[28] Doc. 44 at 12.

[29] *Id*. at 14.

request for broad relief by a *pro se* party as requesting only narrow specific relief . . ."[30] Further, Plaintiffs contend that the Court should have been able to "intuit from their filings the appropriate legal claims or procedural devices that *pro se* litigants would have expressly invoked had they been counseled."[31] In essence, this line of argument once again attacks the Court's finding of mootness on the grounds that the Court failed to properly consider that Hirt is still not permitted to be on school district property other than at public events. As set forth above, Plaintiffs sought relief from Defendants' policy requiring "socially acceptable" behavior, not an order requiring U.SD. No. 287 to open its property to Hirt without limitation. While the Court agrees that *pro se* litigants' pleadings are to be liberally construed, the Court is not obligated to make Plaintiffs' arguments for them or to read a request for a preliminary injunction to seek something more than it expressly states.[32] The Court finds that it did not commit clear error in construing the relief sought.

Fifth, and finally, Plaintiffs argue that "the finding of mootness was based, in part, on the errant conclusion that Defendants' burden of showing mootness by voluntary cessation was met and the burden was improperly shifted from Defendants to Plaintiffs."[33] Plaintiffs complain that Turner's letter permitting Hirt to once again attend school board meetings—provided that he "refrain from any disruptive behavior and limit [his] participation in the meetings to the allotted three minutes for public comments"—is insufficient evidence that Defendants no longer intend to enforce a "socially acceptable" behavior policy. The Court disagrees. Again, as stated in the Court's prior order, Defendants are no longer requiring Hirt to "express himself in a 'socially

---

[30] *Id.*

[31] *Id.*

[32] *See, e.g., Olson v. Carmack*, 641 F. App'x 822, 826 (10th Cir. 2016) (unpublished) (noting that while courts must construe *pro se* filings liberally, they may not undertake the role of advocate).

[33] Doc. 44 at 19.

10

acceptable manner.'"[34]  Rather, Defendants merely require Hirt to "confine his verbal participation in meetings to the three-minute window for patron comments that applies to all members of the public."[35]

The Court has already thoroughly considered and ruled on the issue of mootness with respect to the relief that Plaintiffs sought in their motion for a preliminary injunction, finding that Turner's letter was sufficient to establish prudential mootness of Plaintiffs' motion for a preliminary injunction while the underlying dispute between the parties remains before the Court.  The arguments Plaintiffs advance in their motion for reconsideration are, by and large, arguments that the Court has already considered and rejected.  The Court finds that it has not misapprehended the facts, Plaintiffs' position, or the controlling law.  Accordingly, Plaintiffs' motion for reconsideration is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 43) is **denied**.

**IT IS SO ORDERED.**

Dated: December 28, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[34] Doc. 41 at 9.

[35] *Id*.