IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**FILED**

JUL 2 0 2018

TIMOTHY M. O'BRIEN CLERK
By: _____ Deputy

Gene Hirt,                                    }
Eric S. Clark,                                }
        Plaintiffs           }
              v.          }    Case No. 2:17-cv-02279-JAR-GEB
                          }
Unified School District No. 287,              }
Franklin County, State of Kansas,             }
et. al.,                                      }
        Defendants           }

## BRIEF IN SUPPORT OF
## MOTION TO COMPEL DISCOVERY RESPONSES AND ANSWERS

*Statement of the Issue*

The issue presented is whether the court should compel appropriate responses and/or complete

answers for each of the specific discovery responses in dispute (Admissions and Interrogatories)

and; rule on each of the objections raised by Defendants and disputed by Plaintiffs.

**ARGUMENT**

*Introduction*

Defendants should be compelled to respond to the discovery identified herein.

Fed. R. Civ. P. 37(a)(4)) provides that "an evasive or incomplete disclosure, answer, or response

must be treated as a failure to disclose, answer, or respond."

*SPECIFIC DISPUTE DISCOVERY RESPONSES*

**Admission No. 31 posed:**

On August 19, 2015, an Open House event was held by USD 287 at Williamsburg

Elementary School ("WFEW") which was open to all members of the public

1

except any persons who had been provided notice that the person was excluded.

<u>The defendant's response was:</u>

**Although not specified in the notice, the Williamsburg Back to School Night / Open House Event was intended to be open only to students, families/guardians and faculty and not to "all members of the public."**

PLAINTIFFS' OBJECTION: This did not admit or deny the statement as posed.

There was no reason provided for why it could not be admitted or denied.

Specifically, the admission statement did not declare anything about what was "intended".

Instead, the statement speaks to whom the event was "actually" open -- regardless of intent.

Defendant should be order to provide the admission or reason why it cannot be provided.

**<u>Admission No. 32 posed:</u>**

During the August 19, 2015 pubic event held by USD 287 at Williamsburg

Elementary School ("WFEW"), the public was allowed to visit within

the school building without securing or wearing a visitor's pass.

<u>The defendant's response was:</u>

**Although not specified in the notice, the Williamsburg Back to School Night / Open House Event was intended to be open only to students, families/guardians and faculty and was not a public event open to all members of the public. It is admitted those intended visitors were allowed to visit on August 19, 2015 without securing or wearing a visitor's pass.**

PLAINTIFFS' OBJECTION: This did not admit or deny the statement as posed.

There was no reason provided for why it could not be admitted or denied.

Specifically, the admission statement did not declare anything about what was "intended visitors

were allowed". Instead, the statement declares the which visitors were "actually" allowed –

regardless of intent.

Defendant should be compelled to provide the admission or reason why it cannot be provided.

**Interrogatory No. 49 posed:**

Specifically identity as distinctly as possible each and every "normal educational function" as

that term is used in USD 287 policy KGDA for which it is alleged that Mr. Hirt disturbed or

disrupted the "normal educational function".

The defendant's answer was:

**58.  Mr. Hirt was driving through the school parking lots during school hours on the
dates provided in Bates No. 788-792, Mr. Hirt was diverting resources away
from daily educational functions, Specifically, Mr. Hirt's behavior caused the
Superintendent, Mr. Turner, to address the unauthorized behavior and handle
calls from staff reporting the behavior.**

**On 2/26/15, Mr. Hirt was not authorized to be in the 5th grade classroom during
school hours. Mr. Hirt's attendance was a disruption to the classroom.**

**On 3/25/15, Mr. Hilt did not have permission to bring a photographer to school
. and became angry when he was denied access. The staff had to address Mr.
Hirt's behavior, which was interfering with the daily educational process of the
school; Mr. Hirt was diverting resources away from the students.**

**On 4/2/15, when Mr. Hilt was denied access to the school, he became angry. Mr.
Hirt's behavior frightened the staff and caused them to address his behavior
rather than focusing on the operation of the school and the students' educational
needs.**

**On 4/13/15; 5/1/15; 6/8/15; and 7/13/15 Mr. Hirt's(sic) disrupted board meetings. Mr.
Hirt was heard cussing at board members, calling them "sons of bitches" and
stating "they are a bunch of bullshit."**

**On 7/16/15 Mr. Hirt entered the district office and yelled at Mr. Turner in a
threatening voice because Mr. Hirt was not satisfied with documents he received
in response to an open records request. Mr. Hirt's behavior was disruptive and
concerning to the staff, including Mr. Tuner. Mr. Tuner was forced to tell Mr.
Hirt to calm down or Mr. Turner would have to call the Sheriff's office, Mr.
Hirt's behavior diverted resources away from the daily educational process of
the school by causing Mr. Turner to deal with Mr. Hirt's aggressive behavior.**

PLAINTIFFS' OBJECTION: This did not answer the question as posed.

The answer, other than providing Mr. Hirt's behaviors (which was not requested)

failed to identity 'as distinctly as possible each and every "normal educational function" as
that term is used in USD 287 policy KGDA'.

The sparse and vague answer which can be gleaned amounts to :

- **"daily educational functions"** (which is neither specific or distinctive) and;

- **"Superintendent, Mr. Turner, to address the unauthorized behavior and handle
  calls from staff reporting the behavior"** but for a **Superintendent** to **address behavior**
  or to **handle calls** fails to identify any "educational" function let alone any "normal
  educational function" (the Superintendent is an Administrator, not an Educator) and;

- **"disruption to the classroom"** is not specific or distinctive educational function unless it
  refers to "teaching a class" and;

- **"daily educational process of the school"** is not a specific or distinctive educational
  function and;

- **"diverting resources away from the students"** is not a specific or distinctive
  educational function as it fails to identify what normal educational function resources are
  diverted from and;

- **"the operation of the school and the students' educational needs"** is not a specific or
  distinctive educational function as it fails to identify what normal educational function
  resources are diverted from and;

  **"board meetings"** is specific and distinctive but there is no indication about how a board
  meeting is a "normal educational function" and;

- **"disruptive and concerning to the staff"** is not specific or distinctive as it fails to
  identify what normal educational function "the staff" were engaged in and; lastly,

- **"diverted resources away from the daily educational process of the school"** is not a

4

specific or distinctive educational function.

Defendant should be compelled to supplement this answer with specific education functions.

## Interrogatory No. 50 posed:

For each specific "normal educational function" identified in answer to Interrogatory No. 50

above, identify specifically what about the "normal educational function" was disturbed or

disrupted and approximate duration of the disruption or disturbance.

Sample answer for example only:
**normal educational function:** "accessing school parking lots during school hours"
**disruption:** "prevented a student from ability to access the school parking"
**duration:** "approximately 10 minutes"

The defendant's answer was:

**59. See response to Plaintiffs' Interrogatory No. 49, explaining what about the
normal educational function was disturbed or disrupted. Defendants do not have
any documentation about the time of Mr. Hirt's behavior or the duration.**

PLAINTIFFS' OBJECTION: This did not answer the question as posed. The question did not

ask about "documentation". Because Defendant are expected to make reasonable inquiry in order

to meet the requirement to *fully* answer an interrogatory (See Fed. R. Civ. P. Rule 26(b)(3)) and

are required to supplement answers as needed (See Fed. R. Civ. P. Rule 26(e)), Defendant should

be compelled to make reasonable inquiry and supplement the answer by providing the

approximate duration of each alleged disruption. An opinion or estimate about the duration is

not comparable to simply guessing and should be compelled to be provided in response to the

question asked. Pursuant to Rule 33(a)(2) of the Federal Rules of Civil Procedure, "[a]n

interrogatory is not objectionable merely because it asks for **an opinion** or contention that relates

to fact or the application of law to fact".

## Interrogatory No. 52 posed:

Does USD 287 ordinarily not provide any notice of a method of appeal or any hearing to

members of the public for which a trespass order is issued even when the trespass order

prohibits attendance at, or speaking in person at, a future school board meeting?

The defendant's answer was:

**61. Objection. This interrogatory violates Fed. R. Civ. P. 33 by exceeding the 25 interrogatory limitation which was amended by the scheduling order to a maximum of 60 interrogatories.**

PLAINTIFFS' OBJECTION: This did not provide a full and complete answer to the question posed.

The self renumbering by Defendant is not based on proper counting of the interrogatories.

See ECF 104 at pages 1-3 concerning a "common theme" being the standard of the court for

counting interrogatories.

The defendant should be ordered to fully answer the question.

**Interrogatory No. 53 posed:**

Are Williamsburg Elementary (WFEW) and the High School (WFHS) each located

on the main thoroughfare in their respective cities without any fencing or other continuous

structure, between the buildings and the thoroughfare?

The defendant's answer was:

**62. Objection. This interrogatory violates Fed. R. Civ. P. 33 by exceeding the 25 interrogatory limitation which was amended by the scheduling order to a maximum of 60 interrogatories. This interrogatory is further objectionable because it is not relevant to either party's claims or defenses.**

PLAINTIFFS' OBJECTION: This did not provide a full and complete answer to the question posed.

The self renumbering by Defendant is not based on proper counting of the interrogatories.

See ECF 104 at pages 1-3 concerning a "common theme" being the standard of the court for

6

counting interrogatories.

The question is clearly relevant to Plaintiffs' First Amendment claims as the standard for this Court's analysis requires making a determination about the type of "speech forum" and; the question asks about relevant material facts which serve in making that legal determination. Pursuant to Rule 33(a)(2) of the Federal Rules of Civil Procedure, "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact". The defendant should be ordered to fully answer the question.

**Interrogatory No. 54 posed:**

Defendants admitted, in Admission #2, that "the purpose of the open House is to allow students and their families to meet the school staff."

Defendants later averred, in their supplemental (12/2017) answer to Interrogatory #14, that

'**the terms "families" and "guardians" refer to those adults who are responsible for school-aged children attending Williamsburg Elementary School**.' and that for

"the Williamsburg Back to School Night / Open House event, which occurred on August 19, 2015, the intended participants are **students, guardians, and school faculty**." which notably leaves "families" as intended participants.

Please clarify:

a) Whether the "intended participants" for "the Williamsburg Back to School Night / Open House event, which occurred on August 19, 2015" was strictly limited to "**students, guardians, and school faculty.**" (references in supplemental answer to Int. No. 14) or whether the "intended participants" **also includes "families"** (as was in response to Admission No. 2)

b) whether "families" includes more than simply adults and guardians

7

That is, whether "families" includes other family members who are not necessarily

"responsible for school-aged children attending Williamsburg Elementary School."

( e.g., a brother or a sister of such a student, a grandparent that lives in the

student's home, etc.)

c)  whether "students" include those children for which a parent, or other guardian,  intends

 to enroll the child in the school but have not yet, for whatever reason, been able to

submit their application for enrollment and get it approved by the school and have not yet

attended the school?

d)  Identify which, if any, of these following relationships to students are NOT encompassed

by the meaning of  "families" or would NOT be "intended participants"(as above):

mother
father
sister
brother
step mother
step father
step sister
step brother
adopted sister
adopted brother
grand mother living in the same house as the student
grand mother not living in the same house as the student
grand father living in the same house as the student
grand father not living in the same house as the student
aunt living in the same house as the student
aunt not living in the same house as the student
uncle living in the same house as the student
uncle not living in the same house as the student
great aunt living in the same house as the student
great aunt not living in the same house as the student
great uncle living in the same house as the student
great uncle not living in the same house as the student
first cousins living in the same house as the student
first cousins not living in the same house as the student

second cousins living in the same house as the student
second cousins not living in the same house as the student
legal guardian
custodial guardian (delegated custody authorized by a legal parent/guardian either for definite or indefinite duration)
non-custodial parent
guardian *ad litem*
current holder of "power of attorney" for the student
official sponsor of a foreign exchange student
ANY adult who intends to enroll a child which has never attended the school
       but that adult is late in getting the enrollment completed.

The defendant's answer was:

**63-66. Objection. This interrogatory violates Fed. R. Civ. P+ 33 by exceeding the 25 interrogatory limitation which was amended by the scheduling order to a maximum of 60 interrogatories. This interrogatory is further objectionable because it is an improper attempt to circumvent the limitation on the number of interrogatories allowed. This interrogatory contains four separate separate interrogatories. See *Williams v. Board Of County Com'rs Of Unified Government of Wyandotte County and Kansas City, Kansas*, 192 F.R.D. 698, 701 (D. Kan. 2000). This interrogatory is also not relevant to any claims or defenses and is not proportional to the needs of the case.**

PLAINTIFFS' OBJECTION: This did not provide a full and complete answer to the question

posed. The self renumbering by Defendant is not based on proper counting of the interrogatories.

See ECF 104 at pages 1-3 concerning a "common theme" being the standard of the court for

counting interrogatories.

The question is clearly relevant to Plaintiffs' First Amendment claims as the standard for this

Court's analysis requires making a determination about the type of "speech forum" and; the

question asks about relevant material facts which serve in making that legal determination.

This is an easily answered question and proportional to the needs of the case.

Pursuant to Rule 33(a)(2) of the Federal Rules of Civil Procedure, "[a]n interrogatory is not

objectionable merely because it asks for an opinion or contention that relates to fact or the

application of law to fact".

9

If Defendant had properly responded to Admission Nos. 31 and 32, then this

interrogatory might be somewhat duplicative (though the was not an objection

raised by Defendant). The defendant should be ordered to fully answer the question.

**Interrogatory No. 55 posed:**

Please identify with "specificity of identification" any documents which are intended to

provide guidance, or training, or procedures for implementing USD 287 policy KGD.

The defendant's answer was:

**67, Objection. This interrogatory violates Fed. R. Civ. P. 33 by exceeding the 25
interrogatory limitation which was amended by the scheduling order to a
maximum of 60 interrogatories.**

PLAINTIFFS' OBJECTION: This did not provide a full and complete answer to the question

posed. The self renumbering by Defendant is not based on proper counting of the interrogatories.

See ECF 104 at pages 1-3 concerning a "common theme" being the standard of the court for

counting interrogatories.

**Interrogatory No. 56 posed:**

Please identify with "specificity of identification" any documents which are intended to

provide guidance, or training, or procedures for implementing USD 287 policy KGDA.

The defendant's answer was:

**68. Objection. This interrogatory violates Fed. R. Civ. P. 33 by exceeding the 25
interrogatory limitation which was amended by the scheduling order to a
maximum of 60 interrogatories.**

PLAINTIFFS' OBJECTION: This did not provide a full and complete answer to the question

posed. The self renumbering by Defendant is not based on proper counting of the interrogatories.

See ECF 104 at pages 1-3 concerning a "common theme" being the standard of the court for

counting interrogatories.

10

**CONCLUSION**

For the reasons provided, the Plaintiffs respectfully ask the Court to compel Defendants

to provide complete answers and appropriate responses and to overrule Defendants objections

including those objections concerning the counting of requests.

Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095] 785-214-8904

Gene Hirt, 219 W. 4th St., Lyndon, Kansas [66451] 785-893-4552

11

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

Gene Hirt,                                }
Eric S. Clark,                            }
              Plaintiffs                  }
                          v.              }          Case No. 2:17-cv-02279-JAR-GEB
                                          }
Unified School District No. 287,          }
Franklin County, State of Kansas,         }
et. al.,                                  }
              Defendants                  }
                                          }

**<u>EXHIBIT LIST</u>**
**<u>FOR</u>**
**<u>MOTION TO COMPEL DISCOVERY RESPONSES AND ANSWERS</u>**


Exhibit A – Defendants' responses to Plaintiffs' Tenth Set of Request For Admission

Exhibit B – Defendants' responses to Plaintiffs' Tenth Set of Interrogatories

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| Gene Hirt, | } | |
| Eric S. Clark, | } | |
| Plaintiffs | } | |
| v. | } | Case No. 2:17-cv-02279-JAR-GEB |
| | } | |
| Unified School District No. 287, | } | |
| Franklin County, State of Kansas, | } | |
| et. al., | } | |
| Defendants | } | |
| | } | |

**<u>EXHIBIT A</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENE HIRT and ERIC S. CLARK,

Plaintiffs,

v.                                                    Case No. 17-CV-02279-JAR-GEB

UNIFIED SCHOOL DISTRICT NO. 287,
et al.,

Defendants.

## DEFENDANTS' RESPONSE TO
## PLAINTIFFS' TENTH REQUEST FOR ADMISSIONS

Defendants respond to plaintiffs' tenth request for admissions as follows:

29.     During the last 10 years, the Board has not disapproved of any official

disciplinary actions taken by any Superintendent against non-students and non-employees (i.e.

against members of the public at large).

_____ **ADMIT**               _____ **DENY**

**This request can neither be admitted nor denied. The Superintendent has the authority to
control the property under USD 287 policies KGD and KGDA without prior board
approval. To the extent the board disapproves of the Superintendent's actions, any
disapproval would be addressed in executive session and no records are taken in executive
session. Since July 2014, Superintendent Turner has no knowledge any disapproval by the
board regarding disciplinary actions of non-students and non-employees.**

30.     "Accessing school parking lots during school hours" is a "normal educational

function" as that term is used in USD 287 policy KGDA.

_____ **ADMIT**               _____ **DENY**

**It is admitted that it is a normal educational function for students, staff, and persons with
school business to access the school parking lots.**

31.    On August 19, 2015, an Open House event was held by USD 287 at Williamsburg

Elementary School ("WFEW") which was open to all members of the public except any persons

who had been provided notice that the person was excluded.

_____ **ADMIT**          __X__ **DENY**

**Although not specified in the notice, the Williamsburg Back to School Night / Open House
Event was intended to be open only to students, families/guardians and faculty and not to
"all members of the public."**

32.    During the August 19, 2015 public event held by USD 287 at Williamsburg

Elementary School ("WFEW"), the public was allowed to visit within the school building

without securing or wearing a visitor's pass.

_____ **ADMIT**          _____ **DENY**

**Although not specified in the notice, the Williamsburg Back to School Night / Open House
Event was intended to be open only to students, families/guardians and faculty and was not
a public event open to all members of the public. It is admitted those intended visitors were
allowed to visit on August 19, 2015 without securing or wearing a visitor's pass.**

33.    USD 287 at Williamsburg Elementary School ("WFEW") did not create any

records of visits, such as visitors' logs, during calendar years 2013 through 2017.

___X__ **ADMIT**          _____ **DENY**

34.    The visitors' log provided pursuant to a protective order, ECF No. 101, and

noticed to Plaintiffs by ECF No. 102 served on May 4, 2018, DO NOT CONTAIN ANY

"information of a personal nature where the public disclosure thereof would constitute a clearly

unwarranted invasion of personal privacy" where that description has the same meaning as that

found in Kansas State law at K.S.A. 45-221(a)(30).

_____ **ADMIT**          __X__ **DENY**

35.   USD 287 received an open records request dated March 13, 2018 which requested public records:

> "of any correspondence between your public agency and any private individual who was not a student at the time of the correspondence and that correspondence provided notice of an action, policy or determination relating to any regulatory, supervisory or enforcement responsibility of USD 287 and; the correspondence was created between January 1, 2015 and March 1, 2018."

and; USD 287 provided a responsive record to that request which had been created during 2015

and; that same record would also have been responsive to Clark's open records request dated

March 24, 2017 but was not provided in regard to the March 24, 2017 request.

_____ **ADMIT**        \_\_\_X\_\_ **DENY**

**Objection, this request is compound, confusing and ambiguous. Defendants understand this request to be asking whether the July 13, 2015 letter to Mr. Hirt was in the scope of the request dated March 24, 2017. If that is the request, then it is admitted the letter was in the scope of the request, but was not responsive due to the district court's ruling that the letter was to a private individual not subject to disclosure. The letter was not responsive until after the Kansas Court of Appeals' decision dated March 9, 2018.**

/s/ Lauren E. Laushman
J. Steven Pigg                                    #09213
Lauren E. Laushman                          #25776
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th Street
Topeka, KS  66606
(785) 232-7761 / (785) 232-6604 – fax
E-mail:  spigg@fisherpatterson.com
            llaushman@fisherpatterson.com
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2018, I served the foregoing document by U.S. mail on

the following:

Gene Hirt
219 W. 4th St.
Lyndon, KS 66451
***Pro se* Plaintiff**

Eric S. Clark
1430 Dane Ave.
Williamsburg, KS 66095
***Pro se* Plaintiff**

/s/ Lauren E. Laushman
Lauren E. Laushman                    #25776

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

|                                              |    |                                   |
|----------------------------------------------|----|-----------------------------------|
| Gene Hirt,                                   | }  |                                   |
| Eric S. Clark,                               | }  |                                   |
|            Plaintiffs                        | }  |                                   |
|                        v.                    | }  | Case No. 2:17-cv-02279-JAR-GEB    |
|                                              | }  |                                   |
| Unified School District No. 287,            | }  |                                   |
| Franklin County, State of Kansas,            | }  |                                   |
| et. al.,                                     | }  |                                   |
|            Defendants                        | }  |                                   |
|                                              | }  |                                   |

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENE HIRT and ERIC S. CLARK,

Plaintiffs,

v.                                    Case No. 17-CV-02279-JAR-GEB

UNIFIED SCHOOL DISTRICT NO. 287,
et al.,

Defendants.

## DEFENDANTS' ANSWERS TO
## PLAINTIFFS' TENTH SET OF INTERROGATORIES

Defendants respond to plaintiffs' tenth set of interrogatories as follows:

48. Background:

In answer to Interrogatory No. 33, Defendants provided that "During the period from January 1, 2015 to July 12, 2015, Mr. Hirt was not required to have prior official permission or approval before entering onto sidewalks, driveways or parking lots or the district office."

In a second supplemental answer to Interrogatory No. 19, Defendants provided that "Mr. Hirt's visits were considered unauthorized because he had **no prior official permission or approval for entering onto school property**".

Question:

If the use of "unauthorized" in paragraph 4 of Dk. 20-2 (Declaration) refers to any visits on dates from January 1, 2015 to July 12, 2015, for each such "unauthorized" visit – provide (a) the date and; (2) as accurately as possible the intended meaning of "unauthorized" as it is used in paragraph 4 of Dk. 20-2 (Declaration) for the given date (in (a)).

ANSWER:

**57. Plaintiffs' interrogatory No. 33 asks Mr. Turner to identify persons who stated they were afraid for their safety. Presumably, Plaintiffs reference interrogatory No. 35. Mr. Hirt was authorized to be on school property on the following dates:**

**4/13/15 – Mr. Hirt's attendance at school board meeting**
**5/11/15 – Mr. Hirt's attendance at school board meeting**

{T0455791}                              1

6/8/15 – Mr. Hirt's attendance at school board meeting
7/13/15 – Mr. Hirt's attendance at school board meeting
7/16/15 – Mr. Hirt's visit to the district office

The remaining visits on school property provided in Bates Nos. 788-792 were unauthorized visits. The intended meaning of unauthorized is the common definition—having no official permission or approval.

49.     Specifically identity as distinctly as possible each and every "normal educational function" as that term is used in USD 287 policy KGDA for which it is alleged that Mr. Hirt disturbed or disrupted the "normal educational function".

ANSWER:

58. Mr. Hirt was driving through the school parking lots during school hours on the dates provided in Bates No. 788-792. Mr. Hirt was diverting resources away from daily educational functions. Specifically, Mr. Hirt's behavior caused the Superintendent, Mr. Turner, to address the unauthorized behavior and handle calls from staff reporting the behavior.

On 2/26/15, Mr. Hirt was not authorized to be in the 5th grade classroom during school hours. Mr. Hirt's attendance was a disruption to the classroom.

On 3/25/15, Mr. Hirt did not have permission to bring a photographer to school and became angry when he was denied access. The staff had to address Mr. Hirt's behavior, which was interfering with the daily educational process of the school; Mr. Hirt was diverting resources away from the students.

On 4/2/15, when Mr. Hirt was denied access to the school, he became angry. Mr. Hirt's behavior frightened the staff and caused them to address his behavior rather than focusing on the operation of the school and the students' educational needs.

On 4/13/15; 5/1/15; 6/8/15; and 7/13/15 Mr. Hirt's disrupted board meetings. Mr. Hirt was heard cussing at board members, calling them "sons of bitches" and stating "they are a bunch of bullshit."

On 7/16/15 Mr. Hirt entered the district office and yelled at Mr. Turner in a threatening voice because Mr. Hirt was not satisfied with documents he received in response to an open records request. Mr. Hirt's behavior was disruptive and concerning to the staff, including Mr. Turner. Mr. Turner was forced to tell Mr. Hirt to calm down or Mr. Turner would have to call the Sheriff's office. Mr. Hirt's behavior diverted resources away from the daily educational process of the school by causing Mr. Turner to deal with Mr. Hirt's aggressive behavior.

50.     For each specific "normal educational function" identified in answer to Interrogatory No. 50 above, identify specifically what about the "normal educational function" was disturbed or disrupted and approximate duration of the disruption or disturbance. Sample answer for example only:

**normal educational function:** "accessing school parking lots during school hours"
**disruption:** "prevented a student from ability to access the school parking"
**duration:** "approximately 10 minutes"

ANSWER:

**59. See response to Plaintiffs' Interrogatory No. 49, explaining what about the normal educational function was disturbed or disrupted. Defendants do not have any documentation about the time of Mr. Hirt's behavior or the duration.**

51.     If any pages of the visitors' logs provided pursuant to a protective order, ECF No. 101, and noticed to Plaintiffs by ECF No. 102 served on May 4, 2018, DO CONTAIN ANY "information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy" where that description has the same meaning as that found in Kansas State law at K.S.A. 45-221(a)(30), please identify those pages by the Bates Number applied.

ANSWER:

**60. All Bates Nos. 1959-2009 contain information of a personal nature and were produced subject to the protective order.**

52.     Does USD 287 ordinarily not provide any notice of a method of appeal or any hearing to members of the public for which a trespass order is issued even when the trespass order prohibits attendance at, or speaking in person at, a future school board meeting?

ANSWER:

**61. Objection. This interrogatory violates Fed. R. Civ. P. 33 by exceeding the 25 interrogatory limitation which was amended by the scheduling order to a maximum of 60 interrogatories.**

53.     Are Williamsburg Elementary (WFEW) and the High School (WFHS) each located on the main thoroughfare in their respective cities without any fencing or other continuous structure, between the buildings and the thoroughfare?

ANSWER:

**62. Objection. This interrogatory violates Fed. R. Civ. P. 33 by exceeding the 25 interrogatory limitation which was amended by the scheduling order to a maximum of 60 interrogatories. This interrogatory is further objectionable because it is not relevant to either party's claims or defenses.**

54.     Defendants admitted, in Admission #2, that "the purpose of the open House is to allow students and their families to meet the school staff."

Defendants later averred, in their supplemental (12/2017) answer to Interrogatory #14, that 'the terms "families" and "guardians" refer to those adults who are responsible for school-aged children attending Williamsburg Elementary School" and that for "the Williamsburg Back to School Night / Open House event, which occurred on August 19, 2015, the intended participates are **students, guardians, and school faculty**" which notably leaves "families" as intended participants.

Please clarify:

a)     Whether the "intended participants" for "the Williamsburg Back to School Night / Open House event, which occurred on August 19, 2015" was strictly limited to **"students, guardians, and school faculty"** (references in supplemental answer to Int. No. 14) or whether the "intended participants" **also includes "families"** (as was in response to Admission No. 2)

b)     Whether "families" includes more than simply adults and guardians

That is, whether "families" includes other family members who are not necessarily "responsible for school-aged children attending Williamsburg Elementary School." (e.g., a brother or a sister of such student, a grandparent that lives in the student's home, etc.)

c)     Whether "students" include those children for which a parent, or other guardian, intends to enroll the child in the school but have not yet, for whatever reason, been able to submit their application for enrollment and get it approved by the school and have not yet attended the school?

d)     Identify which, if any, of these following relationships to students are NOT encompassed by the meaning of "families" or would NOT be "intended participants" (as above):

mother
father
sister
brother
step mother
step father
step sister
step brother
adopted sister
adopted brother
grand mother living in the same house as the student
grand mother not living in the same house as the student
grand father living in the same house as the student
grand father not living in the same house as the student
aunt living in the same house as the student
aunt not living in the same house as the student
uncle living in the same house as the student
uncle not living in the same house as the student
great aunt living in the same house as the student
great aunt not living in the same house as the student
great uncle living in the same house as the student
great uncle not living in the same house as the student

{T0455791}                                    4

first cousins living in the same house as the student

first cousins not living in the same house as the student

second cousins living in the same house as the student

second cousins not living in the same house as the student

legal guardian

custodial guardian (delegated custody authorized by a legal parent/guardian either for definite or indefinite duration

non-custodial parent

guard *ad litem*

current holder of "power of attorney" for the student

official sponsor of a foreign exchange student

ANY adult who intends to enroll a child which has never attended the school but that adult is late in getting the enrollment completed.

### ANSWER:

**63-66. Objection. This interrogatory violates Fed. R. Civ. P. 33 by exceeding the 25 interrogatory limitation which was amended by the scheduling order to a maximum of 60 interrogatories. This interrogatory is further objectionable because it is an improper attempt to circumvent the limitation on the number of interrogatories allowed. This interrogatory contains four separate interrogatories. *See Williams v. Board of County Com'rs of Unified Government of Wyandotte County and Kansas City, Kansas*, 192 F.R.D. 698, 701 (D. Kan. 2000). This interrogatory is also not relevant to any claims or defenses and is not proportional to the needs of the case.**

55.    Please identify with "specificity of identification" any documents which are intended to provide guidance, or training, or procedures for implementing USD 287 policy KGD.

### ANSWER:

**67. Objection. This interrogatory violates Fed. R. Civ. P. 33 by exceeding the 25 interrogatory limitation which was amended by the scheduling order to a maximum of 60 interrogatories.**

56.    Please identify with "specificity of identification" any documents which are intended to provide guidance, or training, or procedures for implementing USD 287 policy KGDA.

### ANSWER:

**68. Objection. This interrogatory violates Fed. R. Civ. P. 33 by exceeding the 25 interrogatory limitation which was amended by the scheduling order to a maximum of 60 interrogatories.**

As to objections,


/s/ Lauren E. Laushman
J. Steven Pigg                                      #09213
Lauren E. Laushman                           #25776
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th Street
Topeka, KS  66606
(785) 232-7761 / (785) 232-6604 – fax
E-mail:  spigg@fisherpatterson.com
              llaushman@fisherpatterson.com
**Attorneys for Defendants**

# VERIFICATION

STATE OF KANSAS          )
                         ) ss.
COUNTY OF FRANKLIN   )

     Jerry Turner, of lawful age, after first being sworn upon his oath, deposes and states that

he is a duly authorized representative of the defendants in the above-entitled case; that he has

made answers to **Plaintiffs' Tenth Set of Interrogatories** and the answers given herein are true

and correct to the best of his knowledge.

 

JERRY TURNER

     SUBSCRIBED AND SWORN TO before me this _20_ day of ___June___, 2018.



NOTARY PUBLIC

My Appointment Expires: _September 4, 2020_

{T0455791}                   7

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2018, I served the foregoing document by U.S. mail on

the following:

Gene Hirt
219 W. 4th St.
Lyndon, KS 66451
*Pro se* **Plaintiff**

Eric S. Clark
1430 Dane Ave.
Williamsburg, KS 66095
*Pro se* **Plaintiff**

/s/ Lauren E. Laushman
Lauren E. Laushman            #25776

## CERTIFICATE OF SERVICE

I/we hereby certify that service was made by mailing

a true and correct copy of the foregoing

MOTION TO COMPEL DISCOVERY RESPONSES AND ANSWERS

by deposit in the United States Mail, Postage prepaid,

on July 19, 2018

addressed to:

J. Steven Pigg, Lauren E. Laushman
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th St.
Topeka, KS 66606

Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095] 785-214-8904

Gene Hirt, 219 W. 4th St., Lyndon, Kansas [66451] 785-893-4552