IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENE HIRT and ERIC S. CLARK,          )
                                       )
        Plaintiffs,                   )
                                       )
v.                                     )    Case No. 17-2279-JAR-GEB
                                       )
UNIFIED SCHOOL DISTRICT NO. 287, et al., )
                                       )
        Defendants.                   )
                                       )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel ("Motion") (**ECF No. 103**). The Court has considered Plaintiff's Motion and Brief in Support (ECF No. 104), Defendants' Response in Opposition to Plaintiffs' Motion to Compel (ECF No. 108), and Plaintiff's Reply (ECF No. 111). For the reasons set forth below, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART.**

I.     **Background**

    A.     **Nature of the Case**

Because the factual background and procedural posture of this case have been thoroughly explored in previous orders,[1] the Court will only discuss the same as is relevant to the present Motion.

This is Plaintiffs' third motion to compel. At the same this Court ruled on Plaintiffs' previous two motions to compel, the Court granted Plaintiffs leave to file a Third Amended

---

[1] *See* ECF Nos. 41 and 92.

1

Complaint,[2] which they did on April 10, 2018.[3]  As set forth in that Third Amended Complaint,[4] Plaintiffs are suing their local school district, Unified School District No. 287 (District), and Superintendent Jerry Turner for alleged violations of their Constitutional rights pursuant to 42 U.S.C. § 1983, of the Kansas Open Meetings Act,[5] and of the Kansas Open Records Act.[6]  Plaintiffs' claims stem from a July 13, 2015 letter sent to Mr. Hirt by Mr. Turner.[7]  The letter informed Mr. Hirt he would no longer be allowed on District property because of his inability on prior occasions to express himself "in a civil and socially acceptable manner."[8]

The Scheduling Order in this case was entered on September 26, 2017.[9]  As pertinent here, it states no party may serve more than 60 interrogatories, including all discrete subparts, on any other party.[10]  It also sets a discovery completion deadline of July 1, 2018.[11]  As such, the Court notes discovery is now closed.  During the discovery period, Plaintiffs served ten sets of interrogatories on Defendants, consisting of 56 interrogatories.[12]  Defendants served one set of interrogatories on each Plaintiff, consisting of 17 interrogatories in each set.[13]

---

[2] *See* April 3, 2018 Memorandum and Order (ECF No. 92).
[3] *See* Third Amended Complaint (ECF No. 93).
[4] *Id.*
[5] K.S.A. § 75-4317, *et seq.*
[6] K.S.A. § 45-215, *et seq.*
[7] *See* Third Amended Complaint, ¶¶ 13-14 (ECF No. 93).
[8] *See* July 13, 2015 letter attached as Ex. A to the Third Amended Complaint (ECF No. 93-1).
[9] ECF No. 33.
[10] *Id.* at p. 8, ¶ 2(k).
[11] *Id.* at p. 5. ¶ 2(d).
[12] *See* Plaintiffs' Notice of Service of Discovery Requests (ECF No. 110).
[13] *See* Defendants' Notice of Service of Discovery Requests (ECF No. 31).

B.      **Plaintiff's Motion to Compel (ECF No. 103)**

As stated above, this is Plaintiffs' third motion to compel. The current Motion involves Interrogatory Nos. 38, 39, 40, 42, and 43 of Plaintiffs' Seventh Set of Interrogatories. Plaintiffs ask this Court to compel complete answers to Interrogatory Nos. 38 and 40. Defendants argue they have fully answered Interrogatory No. 38 and no answer is required to Interrogatory No. 40 because it seeks an improper opinion regarding hypothetical facts not relevant to the case.

But, Plaintiffs' Motion mostly revolves around Defendants' supernumerary objections. When responding to the above interrogatories, Defendants objected to each by stating it contained discrete subparts, the use of which was was an improper attempt to circumvent the limitation on the number of interrogatories imposed by the Scheduling Order. Despite objecting to the interrogatories, Defendants answered each one except for Interrogatory No. 40, which they objected to on other grounds.[14] Defendants state they objected to put Plaintiffs on notice they were, in Defendants' view, getting close to reaching their limit of 60 interrogatories.

---

[14] The Court notes Defendants followed this Court's stated procedure when answering the interrogatories despite making the supernumerary objections. *See, e.g., Lowery v. Cty. of Riley*, No. 04-3101-JTM-DWB, 2009 WL 648928, at *3 (D. Kan. Mar. 12, 2009) (when making a supernumerary objection, the objecting party is to either seek a protective order and not answer the requests at issue or answer up to the numerical limit and object to the remaining requests without answering).

## II. Interrogatory Practice

In 1993, Fed. R. Civ. P. 33 was amended to limit the number of interrogatories one party could serve on another to 25, inclusive of all discrete subparts.[15] This was done not only to reduce the frequency and increase the efficiency of interrogatory practice, but also to curb the costs, abuse and harassment that can come from inundating a party with excessive interrogatories.[16]

Rule 33 does allow parties to increase the limit on interrogatories if stipulated or ordered by the court,[17] as was done in the Scheduling Order here where the maximum number was set at 60 interrogatories per party. An increase in the number of allowable interrogatories does not, however, mean parties can ignore the other guidelines surrounding the use of interrogatories in this District. These guidelines are well summarized in *Hilt v. SFC Inc.*:

> "Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial . . . .
>
> Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number. . . ."[18]

---

[15] Rule 33(a) advisory committee's note (1993 Amendments); *see also* Advisory Committee Note, 146 F.R.D. 401, 675–76 (Fed. 1993).
[16] *Id.*
[17] *See* Rule 33(a)(1).
[18] 170 F.R.D. 182, 187 (D. Kan. 1997) (quoting William W. Schwarzer et al., *Civil Discovery and Mandatory Disclosure: A Guide to Efficient Practice*, 4–5 to 4–7 (2d ed. 1994)).

*Hilt* further provides:

> Whatever may be said for the virtues of discovery and the liberality of the federal rules, which perhaps all courts recognize, there comes at some point a reasonable limit against indiscriminately hurling interrogatories at every conceivable detail and fact which may relate to a case. Fed. R. Civ. P. 1 states that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Indiscriminate use of blockbuster interrogatories . . . do not comport with the just, speedy, and inexpensive determination of the action. To require answers for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money.
>
> The nature of the federal discovery rules themselves suggests they are intended to facilitate reasonable discovery, not unduly burdensome, but selected by each party to fit the needs of the particular case. The discovery rules provide no absolute, unharnessed right to find out every conceivable, relevant fact that opposing litigants know. . . .
>
> . . . .
>
> If the drafters of the rules had intended to authorize interrogatories with an impact as wide as the entire case, they could more realistically and easily have adopted a simple rule to require every pleading to be accompanied by a statement of all the facts supporting every allegation and the identifications of every knowledgeable person and supporting document. The rules, of course, contain no such requirement. They contemplate instead that discovery in each case be sensibly organized and managed—and often limited—to provide each party with reasonable opportunity to learn information essential to a fair resolution of the case.[19]

This Court, based on the above principles and the interrogatories it has reviewed in ruling on Plaintiffs' three motions to compel, finds Plaintiffs' use of interrogatories in this case to be excessive, burdensome and bordering on harassment. The Court recognizes Plaintiffs' pro se status, but nevertheless expects them to "follow the same rules of

---

[19] *Id*. at 186-87.

5

procedure that govern [represented] litigants."[20] However, because the Scheduling Order allows 60 interrogatories per party and because pro se parties should be granted some leeway, the Court will rule on the substantive portions of the instant Motion, that being whether Defendants should be compelled to answer Interrogatory Nos. 38 and 40.

But, the Court feels it unnecessary to rule on Plaintiff's concerns regarding Defendants' supernumerary objections because (1) discovery in this case closed on July 1, 2018; (2) due to the close of discovery, no more interrogatories will be allowed; and (3) Defendants, although objecting on supernumerary grounds, proceeded to answer the interrogatories.

### III. Discussion

#### A. Duty to Confer

Pursuant to D. Kan. Rule 37.2, this Court "will not entertain any motion to resolve a discovery dispute" unless counsel, or in this case, the moving party, "has conferred or has made reasonable effort to confer with opposing counsel" before filing a motion. Plaintiffs' Motion states they conferred via email and telephone with defense counsel regarding their concerns with Defendants' responses to the interrogatories at issue. The parties, however, were unable to resolve their disputes. Based on these interactions, the Court is satisfied Plaintiffs and defense counsel have adequately conferred as required by the above-cited rule. The Court now turns to discussion of Interrogatory Nos. 38 and 40.[21]

---

[20] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (recognizing the Tenth Circuit's insistence that pro se parties follow the same rules that govern represented parties).
[21] The interrogatories and responses at issue are reproduced in full as both an attachment to Plaintiffs' Motion (ECF No. 104, Ex. A) and in the body of Defendants' Memorandum in

### B. Interrogatory No. 38

Interrogatory No. 38 reads:

> Concerning the July 13, 2015 letter [Dk. 1-1]:
> a) Identify who made the final decision to send the letter;
> b) Identify every member of the Board of Education, if any, which was consulted before sending the letter;
> c) Identify every member of the Board of Education, if any, which was consulted after sending the letter;
> d) If that letter was sent for any violation(s) of any policy(ies) by Mr. Hirt,
> > i) Identify each specific policy(ies);
> > ii) Specifically identify which portion(s) of which policy(ies) were violated; and
> > iii) How Mr. Hirt violated such and if Mr. Hirt violated policy KGDA for acting disruptive or disturbing normal educational functions then identify the specific normal educational function(s) which was/were disrupted or disturbed.

Plaintiffs take issue with Defendants' answer to subpart (d)(iii), which asks how Mr. Hirt violated District policies, and which, if any, normal education functions he disrupted or disturbed. Defendants answered this subpart as follows:

> Mr. Hirt violated these policies by threatening the safety of school personnel or other persons and interfering with school activities and the educational process. Mr. Hirt acted in a manner disruptive or disturbing to the normal educational functions of the school. The educational functions disrupted or disturbed by Mr. Hirt are listed in Bates Nos. 782-786 at paragraphs 5-8, 12-17, and 20, these include board meetings and accessing school property during educational hours on at least those occasions specified in Bates Nos. 782-786, and 788-792.

Plaintiffs argue this answer fails to identify how Mr. Hirt's conduct was disruptive to normal educational functions and fails to list each and every specific normal educational

---

Opposition (ECF No. 108). All interrogatories and responses recited herein are taken from these briefs unless otherwise indicated.

function he allegedly disturbed. The Court disagrees and finds Defendants answer to be complete and adequate.

Defendants clearly state Mr. Hirt violated the policies by (1) threatening the safety of school personnel or other persons; and (2) interfering with school activities and the educational process. They then identify records describing how Mr. Hirt allegedly disrupted or disturbed the normal educational functions of the school. Rule 33(d) allows Defendants to answer an interrogatory by specifically designating responsive records as long as "the burden of deriving or ascertaining the answer will be substantially the same for either party."

The documents identified by Defendants are ten pages long and contain repetitive information; thus, the Court finds they are not burdensome to review and comprehend. The Court further finds the records referenced specifically and clearly describe how, in Defendants' view, Mr. Hirt disrupted or disturbed educational functions. For example, these documents state Mr. Hirt tried to enter an elementary school on several occasions and frightened the staff when doing so. They also state Mr. Hirt disrupted board of education meetings by using foul language.

Additionally, the parties' briefing reveal that Plaintiffs, in their Ninth Set of Interrogatories, asked a follow-up interrogatory (Interrogatory No. 46) to Defendants' above answer, which seeks the same information they are trying to compel here. Interrogatory No. 46 asks Defendants to:

> Please identify every "specific" "school activity," "educational process," and "normal educational function" for which Mr. Hirt either interfered, disrupted, or disturbed and for each instance that Mr. Hirt disrupted, disturbed, or

interfered those specific activities, processes and functions, identify as the approximate date, time, and duration and as specifically as possible, who and what was disrupted, disturbed, or interfered with, and how did Mr. Hirt cause it.

Defendants answered this follow-up question by not only referring to the above records referenced in their response to Interrogatory No. 38, but by also listing the dates on which Defendants believe Mr. Hirt disrupted educational functions, what those educational functions were, and how Mr. Hirt disrupted them. In their Reply brief, Plaintiffs do not take issue with the substance of this answer. As this Court pointed out in ruling on Plaintiffs' previous motions to compel, Plaintiffs cannot compel Defendants to change their answer simply because they do not agree with it.[22]

For the reasons stated above, the Court finds Defendant fully answered the interrogatory and **DENIES** Plaintiffs' Motion with respect to Interrogatory No. 38.

### C.    Interrogatory No. 40

Interrogatory No. 40 states:

Please identify which of the following would be considered by USD 287 as an "unauthorized" visit and why:
>    a) A parent from New York City, NY who was planning to move to Pomona, Kansas and enroll their school age children in the local school system and was driving to see the USD 287 schools and entered into a parking lot on USD 287 property.
>    b) A local (i.e., within USD 287 district) resident man of 89 years of age entered into a parking lot on USD 287 property in order to turn around to go the other way on Franklin St.
>    c) Gene Hirt, prior to July 13, 2015, wanting to check on the conditions of the pavement in USD 287 parking lots, making entry into and driving through a parking lot on USD 287 property.

---

[22] *See* Memorandum and Order, p. 19 and n.41 (ECF No. 92) (citing *Thermal Sols., Inc. v. Imura Int'l U.S.A., Inc.*, No. 08-2220-JWL-DJW, 2009 WL 10668995, at *4 (D. Kan. Dec. 4, 2009)).

Defendants object to answering the interrogatory because it poses three hypothetical situations which improperly seek legal opinions and call for speculation on matters not relevant to any parties' claims or defenses. Plaintiffs argue the interrogatory is not only relevant to their First Amendment claim that the District's policies are impermissibly vague, but also relevant to Defendant's defense that Mr. Hirt has made unauthorized visits to school grounds. Plaintiffs further contend the third situation, subpart (c), is not hypothetical.

Rule 33(a)(2) states an "interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." However, "interrogatories may not extend to issues of 'pure law,' *i.e.*, legal issues unrelated to the facts of the case."[23] Here, Plaintiffs admit subparts (a) and (b) are hypothetical situations. Thus, those subparts clearly call for Defendants' opinion on whether facts wholly unrelated to this case would constitute an "unauthorized" visit to school grounds. As such, subparts (a) and (b) are not only impermissible interrogatories, but in this Court's view border on harassment. Defendants will not be compelled to answer them.

Subpart (c), however, does not appear to be hypothetical. In particular, Defendants answered Interrogatory No. 46, the follow-up to Interrogatory No. 38 discussed in Section III.B. above, by identifying Mr. Hirt's driving through school parking lots as a violation of District policy and a reason for sending the July 13, 2015 letter. As relevant here, Defendants answered Interrogatory No. 46 as follows:

---

[23] *Steil v. Humana Kansas City*, Inc., 197 F.R.D. 445, 447 (D. Kan. 2000) (quoting Rule 33 advisory committee's note (1970 Amendments)).

Mr. Hirt was driving through the school parking lots during school hours on the dates provided in Bates No. 788-792. Mr. Hirt was diverting resources away from daily educational functions. Specifically, Mr. Hirt's behavior caused the Superintendent, Mr. Turner, to address the unauthorized behavior and handle calls from staff reporting the behavior.

Thus, Defendants seem to contend Mr. Hirt's driving through school parking lots during school hours was unauthorized. And, Plaintiffs' interrogatory appears to be aimed at finding out why Defendants contend his driving through school parking lots prior to July 13, 2015 was unauthorized. As stated above, Plaintiffs are permitted under Rule 33 to serve such contention interrogatories as long as they relate to the facts at hand. An answer from Defendants will provide Plaintiffs an opportunity to determine what proof is necessary to effectively refute Defendants' position that Mr. Hirt's actions were unauthorized.[24]

However, given the number of interrogatories Plaintiffs have served in this case, the Court finds it entirely possible Plaintiffs have already inquired why Mr. Hirt's actions of driving through school parking lots during school hours were unauthorized. Thus, if Defendants have already answered this question in response to another interrogatory, they can simply direct Plaintiffs to that answer.

Based on the above, the Court **DENIES** Plaintiffs' Motion as to subparts (a) and (b), but **GRANTS** Plaintiffs' Motion as to subpart (c). Within **10 days** from the date of this order, Defendants shall provide Plaintiffs an answer to subpart (c) consistent with the Court's discussion above.

---

[24] *See, e.g., Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 649-50 (D. Kan. 2011) (plaintiff allowed to serve contention interrogatories relating to the facts of the case).

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiffs' Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

The Court also notes Plaintiffs recently filed their fourth motion to compel (ECF No. 120). Due to the similarities between that motion and the instant Motion and the approaching Pretrial Conference, the Court finds an abbreviated briefing schedule appropriate. The Court **THEREFORE FURTHER ORDERS** that Defendants shall have until July 27, 2018 to respond to Plaintiff's fourth motion to compel (ECF No. 120) and no reply by Plaintiffs will be allowed.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 20th day of July, 2018.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge