# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GENE HIRT, et al.,

    Plaintiffs,

v.

UNIFIED SCHOOL DISTRICT NO. 287, et al.,

    Defendants.

CASE NO. 2:17-CV-02279-HLT

## MEMORANDUM AND ORDER

Pro se Plaintiffs Gene Hirt and Eric Clark bring this action pursuant to 42 U.S.C. § 1983 for Defendants' alleged violation of their constitutional rights under the First, Fifth and Fourteenth Amendments in connection with a July 13, 2015 letter banning Plaintiff Hirt from entering school district property for any reason, under any circumstance.[1] Plaintiffs seek review of Magistrate Judge Birzer's July 20, 2018 Memorandum and Order granting in part and denying in part Plaintiffs' Motion to Compel (the "Discovery Order").[2] *See* Doc. 125. They also seek reconsideration of the Court's December 4, 2018 Memorandum and Order denying their motion for partial summary judgment (the "Summary Judgment Order").[3] *See* Doc. 141. For the reasons discussed below, the Court denies Plaintiffs' motions.

---

[1] Plaintiffs also assert state law claims for Defendants' alleged violation of the Kansas Open Meetings Act ("KOMA"), K.S.A. § 75-4317, *et seq.*, and the Kansas Open Records Act ("KORA"), K.S.A. § 45-215, *et seq.*

[2] Plaintiffs' motion seeking review of the Discovery Order preliminary states that the Discovery Order issued rulings related to two of Plaintiffs' motions to compel—a May 7, 2018 motion (Doc. 103) and a subsequent July 20, 2018 motion (Doc. 120). Doc. 125 at 1. In fact, the Discovery Order ruled only on the May 7, 2018 motion to compel and set a briefing schedule for the July 20, 2018 motion. Doc. 122 at 12. Magistrate Judge Birzer ruled on Plaintiffs' July 20, 2018 motion to compel in a detailed Memorandum and Order issued on August 30, 2018. *See generally* Doc. 135. Plaintiff has not filed a motion for review of Magistrate Judge Birzer's August 30, 2018 Memorandum and Order.

[3] On December 11, 2018, Plaintiffs filed a Motion to Alter or Amend Judgment and Brief in Support seeking alteration or amendment of the Summary Judgment Order. *See* Docs. 140, 141. The Summary Judgment Order was a denial of Plaintiffs' motion and no judgment was entered that can be altered or amended. The Court therefore

**I.     BACKGROUND**

The factual background underlying the parties' dispute is set forth in detail in the Summary Judgment Order and is not repeated at length herein. In summary, Plaintiffs contend that Defendant Jerry Turner ("Defendant Turner"), the Superintendent of Schools for Defendant Unified School District No. 287 ("Defendant USD 287"), banned Plaintiff Hirt from school property by letter dated July 13, 2015, following an incident after a school board meeting.[4] Defendant Turner's letter stated that Plaintiff Hirt was no longer allowed on school property "for any reason or under any circumstance" due to his "inability to express [himself] in a civil and socially acceptable manner." Defendants evidenced their intent to enforce the letter in August 2015 when Plaintiff Hirt was escorted off school property by the county sheriff when he and Plaintiff Clark attended an open house at an elementary school within Defendant USD 287's borders. Plaintiff Clark claims that he has become fearful that he, like Plaintiff Hirt, will be banned from school property if he expresses himself without reservation at school board meetings.

Defendants contend that Plaintiff Hirt has a significant history of disrupting school board meetings by uttering obscenities outside the time allotted for public comment, and that he has made numerous unauthorized visits to school property during school hours—despite having no children or other family members enrolled as students—that have caused disruptions and safety concerns. Plaintiffs, on the other hand, characterize Plaintiff Hirt's behavior as only mildly disruptive on a few occasions. They admit it may have been personally offensive to Defendant Turner and some school board members, but they maintain that Plaintiff Hirt never threatened anyone and contend

---

construes Plaintiffs' motion (Doc. 140) as a motion to reconsider pursuant to Federal Rule of Civil Procedure 60 and District of Kansas Local Rule 7.3.

[4] As is detailed in the Summary Judgment Order, exactly what happened at the school board meeting is disputed by the parties. Plaintiffs' account of the incident (no more than name-calling) is significantly different than Defendants' (a threat of physical violence).

Defendants actually issued the July 13, 2015 letter banning Plaintiff Hirt from school property because they disagree with Plaintiff Hirt's opinions and wanted to stop him from expressing those opinions at public school board meetings.

## II. ANALYSIS

### A. Discovery Order (Doc. 122)

Plaintiffs filed a motion to compel (their third) on May 7, 2018, involving Interrogatory Nos. 38, 39, 40, 42, and 43 of Plaintiffs' Seventh Set of Interrogatories. Plaintiffs asked the court to compel complete answers to Interrogatory Nos. 38 and 40. Plaintiffs also asked the court to overrule Defendants' supernumerary objection to the Interrogatories.[5] Plaintiffs raise three objections to the resulting Discovery Order arguing that Magistrate Judge Birzer erred: (1) in concluding Plaintiffs' use of interrogatories in this case has been excessive, burdensome, and bordered on harassment; (2) in sustaining Defendants' objections to responding to subparts (a) and (b) of Interrogatory No. 40; and (3) by failing to address Defendants' supernumerary objection.

Pursuant to local rule, parties must follow Federal Rule of Civil Procedure 72(a) when objecting to a magistrate judge's pretrial, non-dispositive order. *See* D. Kan. Rule 72.1.4(a). Under Federal Rule 72(a), a party may file "objections" to the magistrate judge's order within fourteen days of being served with a copy. The district court must then "consider timely objections and modify or set aside" any part of a magistrate judge's order on a non-dispositive pretrial order that is "clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (finding that a district court must defer to a magistrate judge's ruling on a non-dispositive order unless it was clearly erroneous or contrary to law); *Ocelot Oil*

---

[5] Defendants objected to each Interrogatory stating it contained discrete subparts in an attempt to circumvent the limitation on the number of interrogatories imposed by the Scheduling Order (Doc. 33), which permitted the parties to serve no more than 60 interrogatories, including all discrete subparts, on any other party.

*Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (noting that under the clearly erroneous standard, unlike *de novo* review, the magistrate judge is accorded considerable deference). The Court finds Plaintiffs failed to demonstrate why Magistrate Judge Birzer's order was clearly erroneous or contrary to law.

First, Magistrate Judge Birzer concluded Plaintiffs abused the discovery process and violated the Scheduling Order's limitation on the number of permissible interrogatories by propounding ten sets of interrogatories over the course of ten months, consisting of fifty-six interrogatories in total, many of which contained discrete subparts (and, indeed, some subparts contained subparts). Plaintiffs contend they did not understand they were not permitted to include subparts when such subparts "concern the same 'common theme.'" Doc. 125 at 2. But the Scheduling Order expressly states that "[n]o party may serve more than 60 interrogatories, including all discrete subparts, on any other party." Doc. 3 at 8. Magistrate Judge Birzer's finding that Plaintiffs' violated this limitation—to a point of excess and burden that bordered on harassment—by serving interrogatories with subparts (and subparts to subparts) was neither clearly erroneous nor contrary to law. The Court expects the parties to adhere to all limitations within the Scheduling Order (and all orders of the Court), not just those they deem appropriate.

Second, Magistrate Judge Birzer sustained Defendants' objection to subparts (a) and (b) of Interrogatory No. 40, concluding those subparts called upon Defendants to apply the law to hypothetical situations involving facts wholly unrelated to this case and, thus, involved issues of pure law—i.e., legal issues unrelated to the facts of this case. Plaintiffs' objection that this would be a "fact" of what Defendants consider or believe rather than "application of law to facts" is no more than semantics. Magistrate Judge Birzer's ruling was neither clearly erroneous nor contrary to law.

Finally, Magistrate Judge Birzer concluded that it was not necessary to rule on Defendants' supernumerary object. Despite objecting to the Interrogatories, Defendants answered each one in compliance with the court's stated procedure. Plaintiffs contend Magistrate Judge Birzer's failure to address this objection was in err because it "impact[s] subsequent discovery processes." Doc. 125 at 5. The Court rejects this argument. Plaintiffs were essentially requesting Magistrate Judge Birzer to issue a preemptive ruling on hypothetical discovery disputes that were not before the court. It was neither clearly erroneous nor contrary to law for Magistrate Judge Birzer to decline to do so.

Because the Court finds none of Magistrate Judge Birzer's rulings were clearly erroneous nor contrary to law, Plaintiffs' objections to the Discovery Order are overruled and Plaintiffs' motion for review is denied.

### B. Summary Judgment Order (Doc. 139)

Plaintiffs sought partial summary judgment on Plaintiff Hirt's First-Amendment-based and Fourteenth-Amendment-based claims under Counts I and II of the operative complaint and Plaintiff Clark's First-Amendment-based claims under Count V. Plaintiffs also sought issuance of a permanent injunction. Defendants opposed the motion, arguing Plaintiffs misread the applicable law and relied on disputed evidence. The Court ultimately agreed with Defendants that disputed facts prevented the entry of summary judgment in favor of Plaintiffs and prohibited the issuance of a permanent injunction, and denied Plaintiffs' motion. Plaintiffs now seek reconsideration of those findings.

Under Federal Rule of Civil Procedure 60(b), a district court has the discretion to "relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." FED. R. CIV. P. 60(b). But relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). These

"exceptional circumstances" are specifically enumerated in Rule 60(b) and include "mistake, inadvertence, surprise, or excusable neglect; [ ] newly discovered evidence . . .; or [ ] any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60(b) motion is "not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter v. Wefald*, 885 F. Supp. 1445, 1450 (D. Kan. 1995) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Plaintiffs contend the Court erred by concluding that disputed facts prevented it from making determinations required to grant partial summary judgment and argue the Court misapplied the summary judgment standard. At the heart of Plaintiffs' argument is their fundamental disagreement with the Court as to whether the facts in dispute are material to the Court's analysis of the legal issues. But Plaintiffs' disagreement with the Court's analysis does not establish that the Court's conclusion was based on an error of law. And there has been no change in facts or law since the filing of Plaintiffs' motion for partial summary judgment to cause the Court to reconsider its position. Moreover, the fact that Plaintiffs now belatedly (and, for the Court's purposes, hypothetically) invite the Court to accept all of Defendants' facts as true for purposes of their previously filed motion has no effect on the Court's prior ruling. Plaintiffs had the opportunity to present their partial summary judgment motion—including their response to Defendants' statement of additional facts—in any manner they chose. They chose to present a disputed record and cannot now ask the Court to reconsider their arguments on a different record that Plaintiffs could have presented at the time they filed their motion.

Because Plaintiffs have not established any exceptional circumstances that would justify the Court revisiting the issues previously presented in the Summary Judgement Order, the Court

denies Plaintiffs' motion to reconsider. *See Does*, 204 F.3d at 1009 (stating that courts may grant relief under Rule 60(b) only in "exceptional circumstances").

**III.    CONCLUSION**

THE COURT THEREFORE ORDERS that Plaintiffs' Motion to Review Order of the Magistrate Judge by the District Judge (Doc. 125) is DENIED.

THE COURT FURTHER ORDERS that Plaintiffs' Motion to Alter or Amend a Judgment (Doc. 140) is DENIED.

IT IS SO ORDERED.

DATED:  December 18, 2018                           */s/ Holly L. Teeter*
                                                               HOLLY L. TEETER
                                                               UNITED STATES DISTRICT JUDGE